IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY EPPS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF DALLAS POLICE DEPT., ET AL.,<br>    Defendants. | )<br>)<br>)<br>)  No. 3:15-CV-3881-L<br>)<br>)<br>) |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## I.   Background

Plaintiff is a state prisoner and has filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Dallas Police Department, Dallas Police Officer Sasser, Dallas County District Attorney Susan Hawk, Judge Gracie Lewis and Jane Doe defense counsel. The Court has not issued process pending judicial screening.

Plaintiff claims Dallas Police Officer Sasser violated his Fourth Amendment rights when she detained and arrested Plaintiff. Plaintiff was convicted of unlawful possession of a firearm. Plaintiff claims District Attorney Susan Hawk and Judge Gracie Lewis knew about his unlawful prosecution. He also states his court appointed lawyer failed to meet with him until after he was indicted. He seeks a reversal of his conviction and money damages.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. Discussion

### 1. Dallas Police Department

Plaintiff names the Dallas Police Department as a Defendant. The Dallas Police Department, however, is a nonjural entity. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).

A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Hutchinson v. Box*, 2011 WL 839864, No. 4:10-CV-240 (E.D. Tex. Feb. 17., 2011). The Dallas Police Department should therefore be dismissed.

3. **Susan Hawk, Judge Gracie Lewis and Jane Doe Defense Counsel**

Plaintiff names Dallas District Attorney Susan Hawk and Judge Gracie Lewis as Defendants stating they knew about his alleged wrongful prosecution, but did nothing to prevent the prosecution. Judges and prosecutors, however, have absolute immunity under § 1983 for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). Plaintiff also sues his defense counsel. Defense attorneys, however, are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011).

4. ***Heck v. Humphrey***

Plaintiff's claims regarding the unlawful search and seizure and his conviction for unlawful possession of a firearm are also barred the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Heck holds that a prisoner cannot bring a § 1983 action

challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 486-87. If so, the claim is barred. *Id.*

Plaintiff claims he was illegally stopped and his vehicle was illegally searched to obtain the firearm. Plaintiff has failed to show, however, that his conviction for unlawful possession of a firearm has been declared invalid by a state tribunal or federal court. (*See* Magistrate Judge's Questionnaire, Answer Nos. 1 and 2.) Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

5.   **Habeas Corpus Relief**

Plaintiff also seeks release from custody. Such a request is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2254, *et seq. See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). To the extent that Plaintiff seeks habeas relief, therefore, these claims should be dismissed without prejudice to Plaintiff filing a petition for writ of habeas corpus.

## IV. Recommendation

The Court recommends that Plaintiff's habeas corpus claims be dismissed without prejudice and that his remaining claims be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 30 day of March, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).