IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TONY EPPS,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:15-CV-3881-L** |
| | § | |
| **CITY OF DALLAS POLICE DEPT, *et al.*,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff Tony Epps ("Plaintiff"), who was convicted of unlawful possession of a firearm and is currently imprisoned and proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages against Defendants Dallas Police Department, Dallas Police Officer Sasser, Dallas County District Attorney Susan Hawk, Judge Gracie Lewis, and Jane Doe defense counsel (collectively, "Defendants") for wrongful prosecution and the stop, search, and seizure of items from his vehicle that were allegedly done in violation of the Fourth Amendment. Plaintiff also requests that he be released from custody.

The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 30, 2016, recommending that the court dismiss without prejudice Plaintiff's claim or request to be released from custody, which can only be brought in a habeas corpus action. Regarding Plaintiff's remaining claims that were brought under section 1983, the magistrate judge recommended that the court summarily dismiss the claims pursuant to 28 U.S.C. §§ 1915A and 1915A(e)(2) as follows: (1) dismiss with prejudice Plaintiff's claims against the Dallas Police Department because it has no

separate and distinct legal existence; (2) dismiss with prejudice Plaintiff's claims against Dallas County District Attorney Susan Hawk and Judge Gracie Lewis for wrongful conviction or prosecution because they are absolutely immune under section 1983 for actions taken within the scope of their jurisdiction; (3) dismiss with prejudice Plaintiff's claims against his defense attorney, who is not a state actor and cannot be sued under section 1983; and dismiss with prejudice Plaintiff's unlawful search and seizure claim and claim for wrongful conviction against Dallas Police Officer Sasser until the conditions of *Heck v. Humphrey*, 512 U.S. 477 (1994), have been satisfied. No objections to the Report were received as of the date of this order.

After considering the pleadings, file, the record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** Plaintiff's claim or request to be released from custody and **dismisses with prejudice** Plaintiff's remaining claims pursuant to 28 U.S.C. §§ 1915A and 1915A(e)(2) as follows: Plaintiff's claims against Dallas County District Attorney Susan Hawk and Judge Gracie Lewis for wrongful conviction or prosecution are **dismissed with prejudice** as barred by immunity; (3) Plaintiff's claims against his defense attorney, who is not a state actor and cannot be sued under section 1983, are **dismissed with prejudice**; and Plaintiff's unlawful search and seizure claim and claim for wrongful conviction against Dallas Police Officer Sasser are **dismissed with prejudice** until the conditions of *Heck v. Humphrey*, 512 U.S. 477 (1994), have been satisfied. The clerk **shall** term all pending motions in this case.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and

Order – Page 2

n.21 (5th Cir. 1997). The court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. 24(a)(5).

**It is so ordered** this 26th day of April, 2016.

*[signature]*
Sam A. Lindsay
United States District Judge